DANIEL S. PEARSON, Judge.
The order under review denying appellant’s petition for revocation of probate, which asserted that his father’s will was *287 procured by undue influence,[1] is affirmed upon a holding that even if, arguendo, Laura Raythwick, the decedent’s sister and a person active in procuring the contested will, be deemed to have occupied a confidential relationship with the decedent and, by virtue of a devise in her favor of a one-sixth share of her brother’s estate, be deemed to be a substantial beneficiary, thereby raising a presumption of undue influence, there is ample evidence to support the trial court’s finding that (1) there was a reasonable explanation for Laura’s active role so as to satisfy her burden of coming forward to rebut this presumption, and (2) it does not otherwise clearly appear from the record before us that the decedent’s will was procured by undue influence. See In re Estate of Carpenter, 253 So.2d 697 (Fla.1971).
Affirmed.

. Appellant initially challenged the will on the additional ground that his father lacked testamentary capacity, but has abandoned that ground on appeal.